UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| In re:<br><br>THEODORA FATMA ANTAR,<br><br>*Debtor* | Case No.: 24-30480 (AMN)<br>Chapter 7<br><br>Re: ECF No. 60 |

**MEMORANDUM OF DECISION AND ORDER DISMISSING CHAPTER 7 CASE**

This matter came before the Court on October 30, 2024, for hearing upon Chapter 7 Trustee Andrea M. O'Connor's (the "Trustee") September 18, 2024, Motion to Dismiss. ECF 60 (the "Motion to Dismiss"). The hearing was held via teleconference using ZoomGov. After hearing, the Trustee filed a supplemental affidavit detailing her efforts to notice and schedule a meeting of creditors, pursuant to 11 U.S.C. § 341. ECF 96 (the "Dismissal Affidavit"). The Court will grant the Motion to Dismiss for the following reasons.

Facts

On May 30, 2024, Theodora Fatma Antar (the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code.[1] The Debtor did not initially file items required by 11 U.S.C. § 521 (the "521 Documents") including her schedules, statement of financial affairs, summary of assets, or means test calculation, among other things. The Clerk entered a notice of deficiency, providing the Debtor with a list of missing documents and the deadlines to cure the deficiencies. ECF No. 4.

On May 31, 2024, the Debtor filed a Consent and Request for Electronic Notice and Service, and the Court approved it the same day. ECF Nos. 7, 8. Thereafter, the

---

[1] The Bankruptcy Code is found in Title 11, United States Code.

Debtor was served with all filings in this case through the Bankruptcy Court's CM/ECF electronic noticing system, via email notification.

On June 5, 2024, the Debtor filed her missing 521 Documents.

The Debtor also filed a Motion for Reasonable Accommodation the same day, asking that all hearings be held via the Zoom video conference platform. ECF No. 19 (the "Accommodation Motion"). Although the Accommodation Motion did not detail any specific medical condition or disability, and no evidentiary or documentary support has ever been provided, the Court granted the Accommodation Motion and all hearings in this case were scheduled to be held via video conference using ZoomGov. ECF No. 24.

The Trustee attempted to hold a meeting of creditors pursuant to 11 U.S.C. § 341 (the "341 Meeting") five times. ECF Nos. 29, 39, 47, 59, 90, and 92. Pursuant to the United States Trustee's guidelines, as of August 24, 2023, all Chapter 7 341 Meetings are conducted via Zoom. See, https://perma.cc/6PAA-JH5H (last visited November 4, 2024). The Debtor was served with notice of the date and time for each scheduled 341 Meeting, and each 341 Meeting was scheduled to be held by the Chapter 7 Trustee via Zoom. The following table summarizes information in the Trustee's Dismissal Affidavit about the five 341 Meeting dates.

| 341 Meeting Date | Notice to Debtor | Debtor Response | Basis for Continuance |
|---|---|---|---|
| July 29, 2024 | ECF Nos. 29, 31, 96 (Dismissal Affidavit, Exhibits B, C) | ECF No. 96 (Dismissal Affidavit, Exhibit D) | Debtor requested a continuance on July 28, 2024. ECF No. 96 at 3. |
| August 16, 2024 | ECF No. 39 | NONE | Debtor belatedly claimed to have COVID-19. ECF No. 48. |

| September 16, 2024 | ECF Nos. 47, 96 (Dismissal Affidavit, Exhibit G) | ECF No. 96 (Dismissal Affidavit, Exhibit H) | Debtor refused to appear, citing unspecified "health and personal issues." |
| October 21, 2024 | ECF Nos. 59, 96 (Dismissal Affidavit, Exhibit J) | ECF No. 96 (Dismissal Affidavit, Exhibit K) | Debtor refused to appear, without excuse. |
| October 28, 2024 | ECF Nos. 90, 96 (Dismissal Affidavit, Exhibit L) | NONE | Debtor refused to appear, without excuse. |

On October 23, 2024, the Court held an initial hearing on the Motion to Dismiss, wherein the Chapter 7 Trustee represented the Debtor had promised to appear at the October 28, 2024, 341 Meeting. On that basis the hearing was continued to October 30, 2024.

The Debtor failed to appear for the continued 341 Meeting on October 28, 2024.

At approximately 8:19 a.m. on October 30, 2024, before the hearing on the Motion to Dismiss, the Debtor filed a General Power of Attorney (the "POA") (using the Court's drop box for filings outside of Clerk's Office hours). ECF No. 93. The POA purports to authorize Mr. John Anaya to act on the Debtor's behalf in this case. Mr. Anaya did not file a Notice of Appearance in this case and is not an attorney.

The Debtor did not appear for the hearing on October 30th, but Mr. Anaya did. Although the Court allowed Mr. Anaya to speak at the hearing as a courtesy, his representations to the Court have no impact on this decision. The POA purports to have been signed by the Debtor and names Mr. Anaya as a power of attorney for the Debtor.

The authenticity and enforceability of the POA filed as ECF No. 93 is unclear. The document reflects the grantor's signature was acknowledged by a notary public in Niagara County, New York, while the Debtor's address is listed as a post office box in Connecticut.

If New York law applies, N.Y. Comp. Codes R. & Regs. Tit. 19 § 182.3 requires "the personal appearance of all parties to any transaction for which a notarial act is required" and there is no information about whether the Debtor traveled to Niagara County, New York to sign the POA form in October 2024 (notably, when she had requested an accommodation to appear in court hearings in New Haven via Zoom).  If Connecticut law applies, the POA is not enforceable since Connecticut General Statutes § 1-350 requires a valid power of attorney be witnessed by two witnesses (and there are none), and Connecticut Public Law 23-28(i) prohibits remote acknowledgements for powers of attorney.  Under either New York law or Connecticut law the POA appears unenforceable.

Even if Mr. Anaya's statements at the October 30, 2024, hearing were credited, nothing he said provided a clear explanation or reasonable excuse for the Debtor's failure to attend five consecutive 341 Meetings.

## Discussion

Section 707(a) of the Bankruptcy Code provides, "the court may dismiss a case under [Chapter 7] only after notice and a hearing and only for cause." 11 U.S.C. § 707(a). The Bankruptcy Code does not define cause and a party moving for dismissal under Section 707(a) bears the burden of proving cause by a preponderance of the evidence. *In re Horan*, 304 B.R. 42, 46, 48 (Bankr. D. Conn. 2004).  Section 707(a)'s examples of cause – including "unreasonable delay by the debtor that is prejudicial to creditors" – are illustrative, not exhaustive. *Wilk Auslander LLP v. Murray (In re Murray)*, 900 F.3d 53, 58 (2d Cir. 2018).  "[T]he determination of whether cause exists is 'committed to the sound discretion of the bankruptcy court." *Id. (citing In re Smith*, 507 F.3d 64 (2d Cir. 2007)). Bankruptcy courts must engage in case-by-case analysis in order to determine what

constitutes "cause" sufficient to warrant dismissal. *Id. (citing In re Dinova*, 212 B.R. 437, 442 (2d Cir. BAP 1997)).

Here, the Debtor did not appear at five consecutive 341 Meetings. While not required to attend hearings before the Court, the Debtor received an accommodation that all hearings would be held via ZoomGov, yet still did not appear at any hearings.

Although she filed an objection to the Motion to Dismiss, the Debtor did not appear at either hearing on the Motion to Dismiss and the objection does not provide a cogent reason she has not completed a 341 Meeting. ECF No. 71; *see also* ECF No. 96, Exhibits D, H, and K. Nevertheless, the Trustee agreed to work with the Debtor and the Court continued the initial hearing on the Motion to Dismiss at the Trustee's request.

While the Trustee has been trying to complete the 341 Meeting, the Debtor found time to file three voluminous adversary proceeding complaints,[2] three motions, and two objections. The Debtor's repeated refusal to appear and testify at a 341 Meeting underscores her disregard of the duties the Bankruptcy Code imposes on a Chapter 7 debtor and constitutes an unduly prejudicial delay to the creditors of her estate, within the meaning of 11 U.S.C. § 707(a)(2).

"The chief function of the meeting of creditors is to provide the machinery for creditors to . . . examine the debtor and be heard generally in an advisory capacity on questions concerning the administration of the estate." 3 Collier on Bankruptcy P 341.01 (16th 2024). "In a chapter 7 case, the meeting also serves to ensure that the debtor has a basic understanding of the bankruptcy proceedings." *Id.* Further, the 341 Meeting enables creditors to make a determination as to whether there are grounds for objection

---

[2] Adversary Case Nos. 24-03009, 24-03010, and 24-03011.

to discharge or dischargeability of debts, and the scope of examination is broad so that all parties in interest, including the Chapter 7 Trustee, can understand the nature of the debtor's financial affairs.

Many courts have found that failure to attend a duly noticed and scheduled 341 Meeting is cause for dismissal. *See, In re Oliver*, No. BAP CC-11-1482, 2012 WL 5232201, at n.7 (B.A.P. 9th Cir. Oct. 23, 2012) (finding that the record supported dismissal after debtor failed to attend fourth 341 Meeting); *See also, In re: Wang Shuang*, 2024 WL 4668429 (Bankr. S.D.N.Y. Nov. 4, 2024)(unpublished); *In re Brown*, Docket No. 19-65022-JWC, 2020 Bankr. LEXIS 399, at *3 (Bankr. N.D. Ga. Feb. 14, 2020) (dismissing after debtor failed to attend three 341 Meetings); *In re Ventura*, 375 B.R. 103, 109 (Bankr. E.D.N.Y. 2007) (dismissing case for cause under section 707(a) where trustee was unable to administer estate, and auditor was not able to audit, because debtor failed to cooperate, provide recorded information, and appear for section 341 meeting); *In re Bresler*, 119 B.R. 400 (Bankr. E.D.N.Y. 1990) (finding that debtor's repeated failure to attend 341 meeting and file schedules was grounds for dismissal); *In re Rust*, 1 B.R. 656 (Bankr. M.D. Tenn. 1979) (holding that debtor's failure to appear at 341 meeting constituted grounds for dismissal without prejudice). Where, as here, a debtor fails to appear at the § 341(a) meeting, the estate and its creditors will be hindered, and the bankruptcy process will be frustrated.

The record here supports a conclusion that the Debtor's repeated failure or refusal to attend the 341 Meeting, while being able to start multiple adversary proceedings, to follow and object to pleadings, and to arrange for another individual to appear at a hearing on her behalf is, "part of an evidentiary tapestry illustrating that [she was] enjoying the

benefits and protections of the bankruptcy laws while not . . . providing creditors with needed information." *Witkowski v. Boyajian*, 523 B.R. 300, 307 (B.A.P. 1st Cir. 2014) (*quoting In re Chandler*, 89 B.R. 1002, 1004-05 (N.D. Ga. 1988)).

On this record, the Court concludes the Trustee met her burden to establish cause under § 707(a) by a preponderance of the evidence.  The Debtor's repeated failure to appear at any scheduled 341 Meeting to date, despite being afforded numerous accommodations and opportunities to do so, largely without any valid excuse, indicates a refusal by the Debtor to cooperate in good faith with the bankruptcy process, without undue delay.  This is sufficient to establish cause to dismiss the case.

Accordingly, it is hereby

**ORDERED**: The Motion to Dismiss (ECF No. 60) is granted and the Chapter 7 case is dismissed; and it is further

**ORDERED**: The Clerk is requested to close this case and all related adversary proceedings.

Dated this 8th day of November, 2024, at New Haven, Connecticut.



*Ann M. Nevins*
Chief United States Bankruptcy Judge
District of Connecticut